ORIGINAL

PATRICIA BARBOSA (SBN 125685)
KEVIN BAYLEY (SBN 218070)
BARBOSA GROUP
16531 Bolsa Chica Street, Suite 205
Huntington Beach, CA 92649
Tel: (714) 465-9486
PBarbosa@Barbosagrp.com
Kbayley@Barbosagrp.com

Attorneys for Plaintiff
RICHARD SKAFF

FILED
JUL 26 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

WHO

RICHARD SKAFF,

Plaintiff,

vs.

BLACK ROCK INN, LLC, a California Corporation; VINE & DINE PROPERTIES, LLC, a California Corporation; JEFFREY ORLIK, an individual, and DOES 1 through 10, Inclusive,

Defendants.

Case No.: CV 13 3488

**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** FOR DISABILITY DISCRIMINATION IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT AND CALIFORNIA'S CIVIL RIGHTS STATUTES (Health & Safety Code § 19955 *et seq*. and Civil Code § 51 *et seq*.)

**JURY TRIAL DEMANDED**

Plaintiff RICHARD SKAFF brings this lawsuit against BLACK ROCK INN, LLC; VINE & DINE PROPERTIES, LLC; JEFFREY ORLIK and DOES 1 through 10, Inclusive, to challenge the physical barriers and discriminatory policies that deny him equal access to and use of Black Rock Inn, a luxury Bed & Breakfast located in the heart of the Napa Valley Wine Country, solely on the basis of his disability. In support of his lawsuit, Plaintiff alleges as follows:

## I. INTRODUCTION

1. The Americans with Disabilities Act ("ADA") was enacted over twenty years ago, establishing the most important and comprehensive civil rights law for persons with disabilities in our country's history. One of the principal goals of the ADA is the integration of people with disabilities into the country's economic and social life. (42 U.S.C. § 12101(a)) Despite this long-standing mandate, BLACK ROCK INN, LLC, JEFFREY ORLIK and DOES 1 through 10, Inclusive ("Defendants") -- the owners, operators, lessors and lessees of Black Rock Inn -- have failed to provide people with disabilities with full and equal access to their goods and services in violation of the ADA by constructing and/or failing to remove architectural barriers that prevent people who use wheelchairs from using and enjoying their facilities in as full and equal manner as able-bodied persons, and by failing to modify its policies where necessary to avoid discrimination on the basis of disability. In so doing, Defendants have also violated California civil rights laws including Health and Safety Code §§19955 *et seq.*; and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 *et seq*.

2. As a result of Defendants' discriminatory acts and omissions, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be prevented and deterred from accessing and using Defendants' goods, services and facilities to the same extent as, and in a manner equal to, his able-bodied peers. Through this lawsuit, Plaintiff seeks compensation for his injuries and an injunction requiring Defendants to provide "full and equal" access to their public facilities at

Black Rock Inn for people with disabilities as required by law.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 for violations of the ADA, 42 U.S.C. 12101 *et seq*. Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including but not limited to violations of California Health & Safety Code §19955 *et seq*.; and the Unruh Act, Cal. Civ. Code § 51 *et seq*.

4. Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the fact that the real property which is the subject of this action is located in the Northern District and that Plaintiff's causes of action arose in the Northern District.

## III. PARTIES

5. Plaintiff RICHARD SKAFF ("Plaintiff") is, and at all times relevant herein was, a qualified individual with a disability as defined under Department of Justice regulation 28 C.F.R. § 36.104 and California Government Code § 12926. Plaintiff is paralyzed from the waist down as the result of a fall, and is unable to independently stand or walk. Plaintiff requires the use of a wheelchair for mobility, and is unable - due to his physical disability - to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate people who require a wheelchair for mobility. Plaintiff has spent over 30 years advocating for physically accessible environments, both in public and private capacities. He was a founder of the Marin Center for Independent Living, and among other positions, served as the ADA Coordinator for the San Francisco Department of Public Works. Plaintiff is, and at all times relevant hereto was, a resident of California.

6. On information and belief, Defendant BLACK ROCK INN, LLC is, and at all times relevant herein was, the owner, operator, lessor and/or lessee of the Black

Rock Inn ("the Inn"), located at 3100 N. Silverado Trail, in Saint Helena, California.

7. On information and belief, Defendant VINE AND DINE PROPERTIES, LLC is, and at all times relevant herein was, the owner, operator, lessor and/or lessee of the Black Rock Inn ("the Inn"), located at 3100 N. Silverado Trail, in Saint Helena, California.

8. On information and belief, Defendant JEFFREY ORLIK, is, and at all times relevant herein was, the owner, operator, lessor and/or lessee of the Black Rock Inn ("the Inn"), located at 3100 N. Silverado Trail, in Saint Helena, California.

9. Plaintiff is currently unaware of the true identity, nature and capacity of each of the defendants herein designated as DOES 1 through 10, inclusive. Plaintiff will seek leave to amend his Complaint when the true names, capacities, connections, and responsibilities of Defendants DOES 1 through 10, inclusive are ascertained.

10. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## IV. FACTS UPON WHICH ALL CLAIMS ARE BASED

11. Black Rock Inn is a new luxury Bed & Breakfast located in the heart of the Napa Valley Wine Country, at the base of Glass Mountain. The Inn is ideally situated 10 minutes from Calistoga and less than 5 minutes from downtown St.

Helena, where visitors can shop in boutiques and galleries, dine in award-winning restaurants, taste wine from the area's finest vintners, or attend one of the town's numerous outdoor events.

12. The Inn features a large Main House, separate Guest House and an outdoor event space. The Inn's Main House has four private Suites, a spacious kitchen, large dining room, separate tasting/dining room, sun-room and a wine cave filled with local hard-to-find wines as well as wines from around the globe. Each Suite has a private bathroom and deck. The separate fully furnished Guest House includes two-bedrooms, two-full bathrooms, a living room with fireplace, full kitchen and a large dining deck with privacy drapes and fireplace.

13. The Inn's other advertised amenities include an outdoor gazebo with fire pit, morning coffee and tea service, afternoon cheese and wine tasting, board games, concierge services, high-speed wireless access, private bath, in-room temperature control, 750-count, 100% Egyptian cotton bed linens and goose-down comforter, 100% combed micro cotton bath linens, hair dryer, toiletry items, soaps and lotion, alarm/smart phone dock (iPhone & Android) and flat screen HDTV.

14. On information and belief, the Inn was constructed after January 1, 1982, triggering applicability of California accessibility standards, California Code of Regulations, Title 24-2 ("Tit. 24-2").

15. On information and belief, the Inn was altered after January 1, 1982, triggering applicability of California accessibility standards, Tit. 24-2.

16. On information and belief, the Inn was constructed after January 26, 1993 triggering applicability of ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. pt. 36, app. A.

17. On information and belief, the Inn was altered after January 26, 1993 triggering applicability of ADA Standards.

18. On or about March 18, 2013, Plaintiff saw an article in the San Francisco Chronicle regarding the newly renovated Inn. The Inn boasts the fact that it takes

"great pride in customizing [a visitor's] experience", so does not take online reservations. Plaintiff called the Inn to make reservations for a romantic getaway for himself and his wife.

19. Plaintiff called the Inn and spoke to Defendant Jeffrey Orlik, who identified himself as the owner of the Inn. Plaintiff asked Defendant Orlik about the accessibility of the Inn's facilities and the availability of an accessible room. Defendant Orlik told Plaintiff that the Inn's facilities were not accessible and that the Inn had no accessible rooms.

20. As the result of Defendant Orlik's representations about the inaccessibility of the newly remodeled Inn, Plaintiff was prevented and deterred from making reservations at the Inn, visiting the Inn or enjoying the Inn's numerous offerings and amenities.

21. Plaintiff and other similarly situated persons who require the use of a wheelchair or other mobility device due to a disability, are unable to access and use the goods, services and facilities offered at the Inn on a "full and equal" basis unless they are brought into compliance with Title III of the ADA, 42 U.S.C. § 12181 et seq.; Health & Safety Code § 19955 et seq.; and California Code of Regulations, Title 24-2 (Tit. 24-2"), all of which were enacted to ensure full and equal access for persons with disabilities in places of public accommodation. Plaintiff is a member of that portion of the public whose rights are protected by these laws.

22. On information and belief, there are several architectural barriers and discriminatory policies that prevent and deter Plaintiff and other similarly situated individuals who use wheelchairs from enjoying full and equal access to and use of the goods, services, facilities, privileges, advantages, and accommodations offered by the Inn to the general public. These access barriers and discriminatory policies will be confirmed by Plaintiff through a noticed site inspection, at which time he will amend his Complaint.

23. Plaintiff would like to frequent the Inn in the future with his wife. Until

the barriers at the Inn are removed, Plaintiff will continue to suffer discrimination by being prevented and deterred from visiting, and will continue to be denied full and equal access to and use of the goods, services, facilities, privileges, advantages, and accommodations offered by the Inn to the general public.

24. As the result of Defendants' acts and omissions, as herein described, Plaintiff was, and will continue to be denied full and equal access to the goods, services, facilities, privileges, advantages, or accommodations of the Inn, and has suffered discrimination, humiliation, emotional distress and embarrassment, all to his damage.

25. The ongoing nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury.

## V. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### TITLE III - 42 U.S.C. § 12101 *et seq.*
***(Against all Defendants)***

26. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

27. In 1990 the United States Congress found that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities", and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; that the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; and that the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free

society is justifiably famous." 42 U.S.C. § 12101.

28. Congress stated as its purpose in passing the Americans with Disabilities Act, 42 U.S.C. §12101(b):

It is the purpose of this act:

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

29. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." 42 U.S.C. § 12181 et seq. Among "private entities" which are considered "public accommodations" for purposes of this title are "place of lodging". 42 U.S.C. § 12181(7)(A).

30. The Inn is a place of lodging, and therefore a place of "public accommodation" for purposes of Title III of the ADA.

31. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

32. Defendants have discriminated against Plaintiff on the basis of his disability in violation of Title III of the ADA. Defendants' discriminatory conduct

includes, but is not limited to:

a. Directly, or through contractual, licensing, or other arrangements, excluding or denying Plaintiff goods, services, facilities, privileges, advantages, accommodations, and/or opportunities, on the basis of his disability. 42 U.S.C. § 12182(b)(1)(A)(i);

b. Providing Plaintiff goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals. 42 U.S.C. § 12182(b)(1)(A)(ii);

c. Failing to design and/or construct facilities built for first occupancy after January 26, 1993 so that they are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C. § 12183(a)(1);

d. Since January 26, 1992, failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C. § 12183(a)(2);

e. Since July 26, 1991, failing to comply with the ongoing obligation to remove barriers, and/or provide path of travel upgrades to remove barriers at facilities where such removal is "readily achievable." 42 U.S.C. § 12182(a)(2)(A)(iv); and

f. Failing "to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

33. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. §

12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

**SECOND CAUSE OF ACTION**
**Cal. Health & Safety Code §§ 19955 et seq.**

34. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

35. California Health & Safety Code §§ 19955 et seq. was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined as any "building, structure, facility, complex, or improved area that is used by the general public…". Cal. Health & Safety Code § 19955.

36. The Inn is a place of public accommodation constructed with private funds for purposes of California Health & Safety Code § 19955 *et seq*.

37. On information and belief, the Inn and its related facilities underwent construction and/or alterations after January 1, 1982 that triggered access requirements under Title 24-2. Pursuant to Title 24-2, compliance with disabled access building standards and specifications is required whenever public accommodations, such as the Inn and its related facilities, undergo construction, or an "alteration, structural repair or addition."

38. Pursuant to the remedies, procedures, and rights set forth in Health & Safety Code § 19953, Plaintiff prays for judgment as set forth below.

**THIRD CAUSE OF ACTION**
**UNRUH CIVIL RIGHTS ACT**
**(Cal. Civ. Code §51 *et seq.*)**

39. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

40. The Inn is a "business establishment" for purposes of the Unruh Act, Cal. Civ. Code, § 51, et seq.

41. The Unruh Act guarantees, <u>inter alia</u>, that persons with disabilities are

entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code, § 51(b).

42. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

43. Defendants have violated the Unruh Act by, inter alia, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Inn.

44. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

45. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1. That this Court issue an injunction pursuant to Title III of the ADA and Plaintiff's related state law claims:

A. Ordering Defendants to alter their facilities to make such facilities readily accessible to and usable by individuals with disabilities;

B. Prohibiting operation of Defendants' public accommodations and facilities until they provide full and equal access to physically disabled persons, and requiring that such access be immediately provided.

2. That this Court award general, compensatory, and statutory damages pursuant to the Unruh Act in an amount within the jurisdiction of this court, and that these damages be trebled according to statute;

3. That this Court award special and consequential damages according to

proof;

4. That this Court award attorneys' fees, litigation expenses and costs of suit, pursuant to Title III of the ADA, 42 U.S.C. § 12205; California Civil Code §§ 52; California Health & Safety Code § 19953; and California Code of Civil Procedure § 1021.5; and

5. That this Court order such other and further relief as it may deem just and proper.

DATED: July 17, 2013

**BARBOSA GROUP**

By: P Barbosa

PATRICIA BARBOSA
KEVIN BAYLEY
Attorneys for Plaintiff, RICHARD SKAFF

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury as to all issues.

DATED: July 17, 2013 **BARBOSA GROUP**

By: PBarbosa

PATRICIA BARBOSA
KEVIN BAYLEY
Attorneys for Plaintiff, RICHARD SKAFF